## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSISSIPPI

**ALDER HOLDINGS, LLC**                                                       **PLAINTIFF**

**VS.**                                                            **CAUSE NO. 24-CV-216 H**

**THE ALARM COMPANY, LLC**
**dba ALARM SERVICES GROUP, LLC;**
**THOMAS BRADY; and JOHN DOE**
**DEFENDANTS 1-30**                                                 **DEFENDANTS**

## COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW Alder Holdings, LLC ("Alder"), by and through counsel, and files this Complaint against The Alarm Company, LLC dba Alarm Services Group, LLC ("ASG") and Thomas Brady (jointly "Defendants"), and in support thereof states as follows:

### PARTIES

1. Plaintiff Alder is a Utah limited liability company with its principal place of business in Utah.

2. Defendant ASG is a limited liability company with its principal place of business in Tennessee. It may be served with service of process by serving its Registered Agent Thomas Brady at 952 White Pine Drive, Southaven, Mississippi 38671 or otherwise pursuant to M.R.C.P. 4(c)(3) and other applicable rules and statutes.

3. Defendant Thomas Brady is believed to be a resident of the state of Mississippi and may be served at 952 White Pine Drive, Southaven, Mississippi 38671 or wherever he may be found or otherwise pursuant to M.R.C.P. 4(c)(3) and other applicable rules and statutes.

4. John Doe Defendants are entities or individuals who are liable for the injuries and damages alleged herein. At this time, Alder is unaware of the true names of these potential Defendants and, therefore, sues them by such fictitious names. Alder reserves the right to amend

40242406v1

this Complaint if and when the true names and identities of the John Doe defendants become known to Alder.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to Section 159 of the Mississippi Constitution.

6. This Court has personal jurisdiction over Defendants because they are doing business in Mississippi, have executed contracts to be performed in Mississippi, and otherwise have had sufficient minimum contacts with Mississippi so as to subject themselves to the personal jurisdiction of this Court.

7. Venue is proper in the Circuit Court of Clay County, Mississippi, because alleged acts of wrongdoing, including interference with Plaintiff's business relations, occurred in Clay County, Mississippi.

## FACTS

8. Alder is engaged in the business of selling and providing, among other things, electronic security, alarm, and home automation services throughout the United States, including Clay County and other counties in Mississippi.

9. ASG is also engaged in the business of selling and providing, among other things, electronic security, network video recorder systems, alarm, and home automation services throughout the United States, including Clay County and other counties in Mississippi.

10. Defendant Brady is listed as the Manager for ASG and the owner or one of the owners of ASG or otherwise is directly involved in ASG's business operations, including sales.

40242406v1

2



11. The key source of revenue for both Alder and ASG comes from servicing customers who pay a monthly fee for home security, alarm, and automation services. These customers typically enter long-term contracts to pay a monthly fee for goods and services provided to them.

12. When a new customer relationship is created by Alder, Alder typically incurs large up-front expenses to install equipment at the customer's house, and the cost of such equipment and labor is recovered as the customer complies with the contract payment terms.

13. Alder's most valuable assets are the relationships that it has created with its customers.

14. Both Alder and ASG generate sales using door to door sales representatives. A primary source of new customers for both Alder and ASG comes from such representatives making sales to new customers.

15. Competition in the home security business can be intense, both in finding new customers and in recruiting competent sales representatives.

16. A known practice in the home security industry is to "Slam" a customer of a competitor, which means to cause an existing customer of services to transfer their business to another provider of similar services. For example, if ASG causes an Alder customer to transfer his or her business to ASG, then ASG has slammed Alder's customer.

17. While it is possible to slam a customer of another company without violating any law, at times, competitors cross the line into illegal and improper conduct in an effort to slam its competitors' customers, and to thereby increase their own sales.

18. As far back as 2016, and continuing through the present, ASG, through its representatives and their supervisors, including Defendant Brady, has intentionally, maliciously,



40242406v1

3

recklessly, contumaciously and/or grossly negligently made false statements of fact to Alder's existing customers and possibly others.

19. For example, ASG's representatives have told Alder customers that Alder has gone out of business and/or that ASG has "bought out" Alder.

20. In another example, ASG's representatives egregiously staged a fake phone call to an existing Alder customer during which the ASG representative pretended to be speaking with an Alder representative who confirmed that the customer's contract with Alder was cancelled. In yet another, ASG installed a network video recording system and cameras in the homes of Alder customers, and then instructed the customer to stop paying Alder for their alarm services.

21. Using such false and deceptive practices, ASG representatives have in the past and continue to attempt to convince Alder customers to grant ASG access to the equipment that Alder has installed. With this access, ASG representatives swap out communication cards on devices that Alder has installed such that the devices cease communicating with Alder and instead start to communicate with ASG.

22. As a result of the past and ongoing intentional, egregious, contumacious, reckless, malicious and/or grossly negligent actions of Defendant Brady and other ASG representatives, customers have terminated their contracts with Alder, directly causing Alder to suffer a loss of business income and incur other damages.

23. As a result of this improper conduct by Defendant Brady and other ASG representatives, Alder has suffered a loss of reputation due to the false and malicious rumors and false statements about Alder and its business.


FILED Clay County
AUG 2 2 2024
K. Brown Head

40242406v1

4

24. For several years, Alder has reached out to ASG multiple times to insist that it cease the false and deceptive business practices. Nevertheless, ASG's actions continue, which are continuing to cause irreparable harm to Alder.

## CAUSES OF ACTION

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

25. As described above, Defendants made or caused to be made a number of statements which were false and designed to harm the business and/or personal interests of Alder. Defendants' actions were (1) intentional and willful; (2) calculated to cause damage to Alder in its lawful business; (3) done with the unlawful purpose of causing damage and loss without right or justifiable cause on the part of the Defendants; and (4) caused actual damage and loss to Alder.

26. In making the statements referenced in Paragraph 23, Defendants acted with actual malice and with the intention to interfere with Alder's business relations with its customers.

27. As a result of Defendants' actions, Alder has suffered damages for which Defendants are liable.

### DEFAMATION/LIBEL/SLANDER

28. The statements made by Defendants, whether verbal or written, were (1) false and defamatory concerning Alder; (2) constitute an unprivileged communication to a third party; (3) were made with at least negligence on the part of Defendants; and (4) resulted in harm to the business reputation of Alder, as well as causing substantial decrease in business and loss of profits to Alder.

29. As a direct result of, and immediately following, the numerous untrue, false and malicious statements made verbally or written by Defendants, Alder suffered substantial lost profits and loss of sales revenue. The statements made by Defendants were made with actual knowledge of their falsity, and thus Defendants acted with reckless disregard for the truth.

30. As a result of Defendants' defamatory, libelous and/or slanderous statements, actions and publications against Alder, Alder has suffered damages for which Defendants are liable.

### INTENTIONAL WRONGDOING/GROSS NEGLIGENCE/NEGLIGENCE

31. Defendants' actions were intentional, reckless and grossly negligent in nature, and were designed to cause harm to Alder and/or were made with actual knowledge of their falsity, or at a minimum with reckless disregard for the truth. Alternatively, the statements made by Defendants about Alder's business were negligent in nature, as such statements would not have been made by a reasonably prudent person acting under the same or similar circumstances as Defendants.

32. As a result of Defendants' intentional, grossly negligent and/or negligent acts, Alder has suffered actual damages for which Defendants are liable.

### VIOLATION OF LANHAM ACT

33. The Lanham Act, 15 U.S.C.A., Section 1125(a), states:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which —

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

FILED Clay County
AUG 22 2024
K. Brown Head

34. A prevailing plaintiff under the Lanham Act claims is entitled to Defendants' profits, damages sustained by the plaintiff, costs of the action, and reasonable attorney's fees.

35. Further, a Court may enter judgment for treble damages that result from a Lanham Act violation.

36. ASG has violated the Lanham Act because its representatives, including but not limited to Defendant Thomas Brady, made false statements to denigrate the quality of Alder's goods and services, or to falsely claim that Alder is no longer in business, among other things, to its existing customers.

37. In addition, with certain Alder customers, ASG representatives, including but not limited to Defendant Thomas Brady, made false statements to misrepresent that they were representatives of Alder.

38. As a result of Defendant's actions in violation of the Lanham Act, Alder suffered damages.

39. Due to Defendant's actions in violation of the Lanham Act which caused damages to Alder, Alder is entitled to recover ASG's profits, three times Alder's damages, and costs and reasonable attorneys' fees.

## PUNITIVE DAMAGES

40. Alder states that the actions of Defendants ASG and/or Brady, either alone or jointly, described herein were done with malice, with reckless disregard for the rights of Alder, with gross negligence, and were willful and wanton in nature, thereby justifying an award of punitive damages against Defendants, jointly and severally, in an amount sufficient to punish each and to deter similar conduct in the future.

FILED Clay County
AUG 22 2024

## INJUNCTIVE RELIEF

41. For the reasons stated above and to prevent irreparable harm and further damages, Alder requests entry of a preliminary and permanent injunction, pursuant to M.R.C.P. 65, ordering Defendants ASG and Brady, and any of the John Doe Defendants identified, to refrain and desist from making the false and defamatory statements and conducting the slam activities describe above or any other actions or activities aimed at harming Alder's business.

42. Absent an injunction, Alder will continue to suffer irreparable injury. Defendants' actions present a significant and omnipresent liability to Alder's business activities and relations.

43. The threatened injury to Alder outweighs the harm an injunction might do to Defendants if an injunction is granted. There is no harm to Defendants because an injunction would not prevent or hinder Defendants in their normal, regular business activities.

44. Entry of an injunction would serve the public interest because Defendants' actions are intentionally, recklessly and maliciously harming Alder, another business and competitor of ASG.

45. There is no adequate remedy at law because Defendants' actions are causing immediate and irreparable harm to Alder.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Alder respectfully requests that the Court:

A. Enter a preliminary and permanent injunction ordering ASG and Brady to immediately cease and desist from engaging in making false and defamatory statements about Alder's business activities and viability;

B. Set a speedy hearing date for the preliminary injunction in accordance with M.R.C.P 65(a);

FILED Clay County
AUG 22 2024
K. Brownhead

C. Award Plaintiff Alder compensatory damages due to Defendant ASG and/or Brady's improper actions;

D. Award Plaintiff Alder compensatory, treble damages, as well as all costs, expenses, attorneys' fees and all other damages allowed by law for Defendants' violations of the Lanham Act;

E. Award Plaintiff Alder punitive damages; and

F. Award Plaintiff costs, expenses, attorneys' fees and any other relief the Court deems appropriate.

DATED this the 22nd day of August, 2024.

Respectfully submitted,

ALDER HOLDINGS, LLC

BY: _____
JOHN D. BRADY, MS Bar #9780
*Its Attorney*

Of Counsel:

Mitchell, McNutt & Sams, P.A.
Attorneys at Law
215 Fifth Street North
Post Office Box 1366
Columbus, Mississippi 39703-1366
Telephone: (662) 328-2316
Facsimile: (662) 328-8035
*jbrady@mitchellmcnutt.com*



FILED    Clay County
AUG 2 2 2024
K. Brown-Head

40242406v1

9