**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**ALDER HOLDINGS, LLC**                                                                      **PLAINTIFF**

**VS.**                                                                   **CIVIL ACTION NO. 1:24-cv-00181-SA-RP**

**THE ALARM COMPANY, LLC**
**dba ALARM SERVICES GROUP, LLC;**
**THOMAS BRADY; and JOHN DOE**
**DEFENDANTS 1-30**                                                                         **DEFENDANTS**

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO Fed. R. Civ. Pro. 12(b)(6)[1]

**COMES NOW,** Defendants, The Alarm Company, LLC d/b/a Alarm Services Group, LLC ("ASG") and Thomas Brady ("Brady") (collectively referred to as "ASG Defendants"), by and through their undersigned counsel of record, the law firm of Galloway, Johnson, Tompkins, Burr & Smith, and files their Memorandum in Support of the Motion to Dismiss Plaintiff Alder Holdings, LLC's ("Plaintiff") Complaint, pursuant to Fed. R. Civ. Pro. Rule 12(b)(6), and in support thereof, would show unto this Court, the following:

### NATURE OF THE CASE

Plaintiff's claims for tortious interference with business relations, defamation/libel/slander, intentional wrongdoing, and gross negligence/negligence are barred by their respective statute of limitations. Plaintiff has further failed to meet the federal pleading requirements prescribed by governing case law, as well as by the particularity requirements set forth in Federal Rule of Civil Procedure 9(b). Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] ASG does not waive any affirmative defenses by filing its 12(b)(6) Motion to Dismiss and Memorandum in Support.

Plaintiff's Complaint blanketly alleges ASG and Brady, an ASG representative, have engaged in tortious interference with business relations, defamation/libel/slander, intentional wrongdoing, gross negligence/negligence, among alleged violations of the Lanham Act. [Doc. 4-3, ¶¶ 25-39]. Plaintiff further seeks a preliminary injunction precluding ASG Defendants from participating in the allegedly false and deceptive practices. [*Id.* ¶¶ 41-5].

## STATEMENT OF RELEVANT FACTS

Plaintiff and ASG Defendants are involved in the alarm services business, with each offering electronic security, alarm, and home automation services throughout the United States. [Doc. 4-3, ¶¶ 8-9]. Competition in the home security business, per Plaintiff's own allegations, can be intense in finding potential customers. [*Id.* ¶ 15].

As early as 2016, Plaintiff claims ASG Defendants intentionally, recklessly, contumaciously and/or grossly negligently made false statements to Plaintiff's customers to obtain those customers' business. [Doc. 4-3, ¶¶ 16-21]. Specifically, Plaintiff alleges ASG representatives told those customers that Plaintiff went out of business or was bought out by ASG. [*Id.* ¶ 19]. In a one-off example, Plaintiff alleges an ASG representative staged a phone call to Plaintiff's customer under the guise of a Plaintiff representative and stated that customer's contract with Plaintiff had been cancelled (without providing any specifics as to the customer or representative's identity, the date(s) of the phone call, or any other particular and identifying facts). [*Id.* ¶ 20].

Without providing any further specifics, Plaintiff alleges it has lost business due to ASG Defendants' intentional, egregious, contumacious, reckless, malicious and/or grossly negligent actions. [Doc. 4-3, ¶¶22-3]. Plaintiff states it has been aware of ASG Defendants' alleged misconduct "for several years" and has even gone so far as to directly reach out to ASG and request it cease its alleged false and deceptive business practices. [*Id.* ¶ 24].

By Plaintiff's own admission, ASG's alleged misconduct goes as far back as 2016, or almost eight (8) years. [Doc. 4-3, ¶ 18]. Defamation, libel, and slander are governed by Mississippi's one-year statute of limitations. *See* Miss. Code. Ann. § 15-1-35.[2] Plaintiff's claim for tortious interference with business relations (a tort rooted in breach of contract) is prescribed a three-year statute of limitations. *See* Miss. Code. Ann. § 15-1-49. Mississippi's statute of limitations for any claims of negligence/gross negligence provides a plaintiff three (3) years in which to file a complaint. *See* Miss. Code. Ann. § 15-1-35. The statute of limitations for any claims arising out of ASG Defendants' alleged conduct/misconduct from 2016 ran as late as 2019.

The Complaint at issue was filed on August 22, 2024. [Doc. 4-3]. Plaintiff had nearly a decade to file its Complaint against ASG Defendants for the foregoing claims. Instead, Plaintiff threw the proverbial kitchen sink at ASG and Brady, enumerated broad allegations pertaining to malice and intentionality without any specific facts, and did so well beyond the timeframes set forth in the applicable statutes of limitations.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted, as well as for failure to meet basic federal pleading requirements under governing case law and Fed. R. Civ. Pro. 9(b). Alternatively, Plaintiff's Complaint should be partially dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) as the allegations pertaining to defamation, libel, slander, tortious interference with business relations, intentional wrongdoing, and negligence/gross negligence are barred by their respective statute of limitations.

---

[2] Plaintiff's Claims for Intentional Wrongdoing is also governed by the one-year statute of limitations.

**ARGUMENT**

**Fed. R. Civ. Pro. 12(b)(6) Standard**

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the District Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Howard v. Rue 21 Corp.*, 2017 WL 1102605, at * 2 (N.D. Miss. Mar. 23, 2017) (citing *Walker v. Webco Indus., Inc.* 562 Fed.Appx. 215, 216-17 (5th Cir. 2014). When the issue is a statute of limitations defense, the Court may dismiss a complaint under Rule 12(b)(6) "**where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.**" *Chesteen v. Gibson*, 2017 WL 473892, at *2 (N.D. Miss. Feb. 3, 2017) (emphasis added). To survive a motion to dismiss, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775-76 (5th Cir. 2015). Claims are facially plausible when they "allow the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Webb v. Morella*, 522 Fed.Appx. 238, 241 (5th Cir. 2013).

**I.     The Claims for Defamation, Libel, Slander, Tortious Interference, Intentional Wrongdoing, and Negligence/Gross Negligence are Barred by the Statutes of Limitations.**

As previously noted, Plaintiff's entire Complaint is predicated on alleged conduct/misconduct occurring "as far back as 2016." [Doc. 4-3, ¶ 18]. As demonstrated below, most of Plaintiff's claims are barred by the applicable statutes of limitations.

This Court must take the facts of Plaintiff's Complaint as true. *In re Katrina Canal Breaches*, 495 F.3d 191, 205 (5th Cir. 2007). Per Plaintiff's own allegations, the clock began ticking on any allegations in 2016. [Doc. 4-3, ¶ 18]. Regardless of whether ASG Defendants' alleged misconduct started on the first or last day of the year 2016, the statutes for Plaintiff's claims of defamation, libel, slander, tortious interference with business relations, intentional wrongdoing, and negligence/gross negligence all ran (at the latest) in 2019. *See* Miss. Code Ann. § 15-1-35; *see also* Miss. Code. Ann. § 15-1-49. The claims for defamation, libel, slander, tortious interference, and intentional wrongdoing ran as early as 2017. Miss. Code Ann. § 15-1-35.

In federal cases generally, filing a complaint with the court commences an action and tolls the applicable statute of limitations (even when the statute is borrowed from state law). *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987). Filing a complaint without service of process will also toll a statute of limitations for the 120-day period allowed by the Mississippi Rules of Civil Procedure. *See* Miss. R. Civ. Pro. 4(h). Plaintiff filed its Complaint several years after the last statute of limitations ran. [Doc. 4-3]. There is no tolling of any statute of limitations in this situation and, even generously adding an additional 120 days in this hypothetical, the deadline in which to file a complaint for the foregoing claims have long passed.

*In arguendo*, Plaintiff will likely state in response to this Motion that the applicable statutes have not run because of ASG Defendants' continuing breach.[3] Any argument for a continuing breach to toll a statute of limitations is without merit as the law does not recognize any continuing breach doctrine. *Lewis v. Loftin*, 2019 WL 1867937, at *6 (N.D. Miss. Apr. 25, 2019).

---

[3] Plaintiff alleges ASG "continue[s]" to engage in "ongoing" false and deceptive practices. [Doc. 4-3, ¶21-2].

Page 5 of 13

Plaintiff may also argue tolling of the statute of limitations under the "continuing tort" doctrine. *Lewis*, 2019 WL 1867937, at *6. "The continuing tort doctrine is reserved for situations where a defendant commits repeated acts of wrongful conduct but does not apply where harm reverberates from a single act." *Minga v. Regions Bank, Inc.* 2024 WL 3997479, at *4 (N.D. Miss. Aug. 29, 2024) (citing *Bellum v. PCE Constructors, Inc.*, 407 F.3d 73, 742 (5th Cir. 2005). "A continuing tort is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and **each day creates a separate cause of action**…a continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects for an original violation." *Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993) (emphasis added); *see also C.J.S. Limitations of Actions* § 177.

Plaintiff's Complaint provides merely three (3) undated examples of ASG's alleged misconduct. [Doc. 4-3, ¶¶ 19-20]. The only date or year pled in the Complaint for ASG Defendants' alleged misconduct is 2016. [*Id.* ¶ 18]. Further review of the Complaint shows Plaintiff alleges a "continuing harm" rather than facts supporting ASG Defendants' continuous and unlawful acts. *See Bryant v. Military Department of Mississippi*, 597 F.3d 678, 689 (5th Cir. 2010) ("a continuing tort is a wrongful conduct that is repeated until desisted, not an amalgam of various wrongs").

The Complaint merely indicates harm from a single, one-time act or omission occurring as early as 2016. [Doc. 4-3, ¶¶ 18-22]; *see Smith v. Sneed*, 638 So.2d 1252, 1255 (Miss. 1994 (the continuing tort doctrine does not apply where harm reverberates from a single, one-time act or omission"). Furthermore, the Complaint, taken as true, alleges misconduct by ASG Defendants creating "separate causes of action" for which some, if not all, of the statutes of limitations would have already run. *Stevens*, 615 So. 2d at 1183.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted as the statutes of limitations have run on Plaintiff's claims for defamation, libel, slander, tortious interference with business relations, intentional wrongdoing, and negligence/gross negligence.

**II.     Plaintiff's Complaint Fails to Meet Basic and Heightened Pleading Standards and Should be Dismissed.**

Plaintiff's Complaint contains barebones allegations against ASG Defendants grounded in misrepresentation and fails to meet the applicable federal pleading requirements. Not only has Plaintiff failed to plead its claims in accordance with the basic standards set forth in *Twombly* and *Ashcroft*, it has also failed to meet the particularity requirements of Fed. R. Civ. Pro. 9(b). *Twombly*, 550 U.S. at 555; *Ashcroft*, 556 U.S. at 678; Fed. R. Civ. Pro. 9(b).

Plaintiff fails to make a substantive showing on any of its claims and instead asserts "labels and conclusions" and "a formulaic recitation of elements of a cause of action," which have been held as insufficient by the Supreme Court of the United States. *Twombly*, 550 U.S. at 555; *Ashcroft*, 556 U.S. at 678. Under Rule 9(b), the Court of Appeals for the Fifth Circuit has required a plaintiff's complaint to set forth the time, place, and contents of the false representations, as well as the identity of the person(s) who made them. Fed. R. Civ. Pro. 9(b); *Williams v. WMX Tech., Inc.* 112 F.3d 175, 177 (5th Cir. 1997). The "who, what, when, where, and how should be evident." *Id.*

Beyond describing the commercial practices and tactics of the home security/alarm business, Plaintiff's Complaint does not allege any wrongdoing by ASG Defendants until the eighteenth (18) paragraph. [Doc. 4-3, ¶ 18]. Thereafter, Plaintiff alleges the following "labels and conclusions" against ASG:

- "Using false and deceptive practices…" [Doc. 4-3, ¶ 21];

- "As a result of the past and ongoing intentional, egregious, contumacious, reckless, malicious and/or grossly negligent actions…" [*Id.* ¶ 22];

- "As a result of this improper conduct by [Defendants], Alder has suffered a loss of reputation due to the false and malicious rumors and false statements about Alder and its business." [*Id.* ¶ 23]; and

- "ASG's actions continue, which are continuing to cause irreparable harm to Alder." [*Id.* ¶ 24].

Plaintiff provides three (3) unspecific examples in an attempt to support those allegations:

- "ASG's representatives have told Alder customers that Alder has gone out of business and/or that ASG has 'bought out' Alder." [Doc. 4-3, ¶ 19]; and

- "ASG's representatives egregiously staged a fake phone call to an existing Alder customer during which the ASG representative pretended to be speaking with an Alder representative…" [*Id.* ¶ 20]; and

- "ASG installed a network video recording system and cameras in the homes of Alder customers, and then instructed the customer to stop paying Alder for their alarm services." [*Id.*].

Nowhere in the Complaint will this Court find who these alleged customers/representatives were, what the ASG representatives specifically stated to Plaintiff's customers, and (most notably) **when** ASG representatives made the alleged misrepresentations. *See Williams*, 112 F.3d at 177. Plaintiff has alleged nothing more than a regurgitation of the elements and synonyms related to fraud and misrepresentation. *See Young v. U.S. Bank Nat. Ass'n*, 2015 WL 1242046, at *2 (N.D. Miss. Mar. 18, 2015) (Plaintiff failed to meet the heightened pleading standard for fraud and misrepresentation when he alleged mere legal conclusions and a recitation of the elements).

Plaintiff has not asserted any specific facts supporting ASG Defendants' alleged violation of the Lanham Act. [Doc. 4-3, ¶¶ 33-39]. Other than to provide provisions of the Act and state ASG Defendants violated those provisions (based on the alleged misrepresentations described above), no additional facts are provided to ASG Defendants or this Court supporting that violation.

Page 8 of 13

[*Id.*]. Plaintiff's allegations pertaining to the Lanham Act are based on misrepresentations and fraud, requiring particularity. [*Id.*]; Fed. R. Civ. Pro. 9(b). Again, Plaintiff has clearly failed to meet its basic pleading requirements, as well as the heighted pleading requirements dictated in Rule 9 of the Federal Rules of Civil Procedure. [*Id.*]; Fed. R. Civ. Pro. 9(b).

Regardless of Plaintiff's failure to meet the pleading standards, if the allegations listed above comprise the totality of Plaintiff's allegations against ASG Defendants since 2016, then they are certainly barred by their respective statute of limitations. Thus, Plaintiff's Complaint should be dismissed for failure to meet the federal pleading requirements required in *Twombly* and *Ashcroft*, as well as by Rule 9(b).

## III.  Plaintiff is Not Entitled to a Preliminary Injunction.

Plaintiff cannot meet its burden of proof that it is entitled to a preliminary injunction against ASG Defendants. Four elements are required for the grant of a preliminary injunction:

> (1) The movant must establish a substantial likelihood of success on the merits;
>
> (2) There must be a substantial threat of irreparable injury if the injunction is not granted;
>
> (3) The threatened injury to the plaintiff must outweigh the threatened injury to the defendant; and
>
> (4) The granting of the preliminary injunction must not disserve the public interest.

*Cherokee Pump & Equip. Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *see also Apple Barrel Prods., Inc. v. Beard*, 730 384, 389 (5th Cir. 1984) (movant has the burden of persuasion on each of the elements for a preliminary injunction).

Taking the barebones allegations of the Complaint as true, Plaintiff cannot establish there is a substantial likelihood it will prevail on the merits at trial. As stated in the preceding sections of this Memorandum, Plaintiff has not alleged sufficient facts to state a claim upon which relief can

be granted. A preliminary injunction cannot be granted on the safe insufficient facts. *See generally* [Doc. 4-3]; Fed. R. Civ. Pro. 12(b)(6).

Plaintiff has a "heavy burden of persuading the District Court that all four elements are satisfied." *BMO Harris Bank N.A. v. Montana Farms LLC*, 2018 WL 2050154, at *2-3 (N.D. Miss. May 2, 2018) (quoting *Hardin v. Houston Chronicle Publishing Co.*, 572 F.2d 1106, 1107 (5th Cir. 1978). Courts also do not consider an injury "'irreparable' when it can be 'undone through monetary remedies.'" *Id.* (quoting *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). Here, the only possible remedy available to Plaintiff should it succeed on the merits of its claim would be monetary. Beyond its request for punitive damages, the only damages Plaintiff seeks are monetary in nature. [Doc. 4-3, ¶¶ A-F].

Plaintiff states in its Complaint that ASG Defendants will not endure any harm if an injunction is granted. [Doc. 4-3, ¶ 43]. This allegation is patently false. ASG Defendants will suffer harm to its reputation and potentially its business if Plaintiff is granted a preliminary injunction based solely on the barebones allegations of its Complaint and nothing else. [*Id.*]. This Court has held preliminary injunctions should be "issued sparingly and with skepticism." *BMO Harris Bank N.A.*, 2018 WL 2050154, at *3 (quoting *Phillip v. Fairfield University*, 118 F.3d 131 (2nd Cir. 1997).

Indeed, issuance of a preliminary injunction in this case would be an "extraordinary and drastic remedy" where Plaintiff's allegations against ASG Defendants are uncertain and not supported by pertinent facts. *Id.* (quoting *Canal Authority v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974); *see also 16 Front Street LLC v. Mississippi Silicon, LLC*, 2014 WL 12539662 (N.D. Miss. Nov. 7, 2014) (District Court found Plaintiffs failed to meet their burden of persuasion for issuance of preliminary injunction due to the uncertain nature of subject matter jurisdiction in the case).

There is also no basis in which the public interest would be served by granting Plaintiff's request for preliminary injunction. This is a matter concerning competing businesses in the alarm services industry – not one concerning an alleged violation of civil rights or due process where the public interest would be an outcome determinative issue. *See Owens v. Owens*, 2017 WL 1450511, at *2 (N.D. Miss. Apr. 4, 2017) (grant of preliminary injunction precluding defendant from making false and defamatory statements about plaintiff would disserve the public interest).

As such, Plaintiff's request for preliminary injunction should be denied as it has failed to meet its burden of persuasion.

## CONCLUSION

Plaintiff's claims for tortious interference with business relations, defamation/libel/slander, and intentional wrong/doing gross negligence/negligence are clearly barred by their respective statute of limitations. Per Plaintiff's own allegations, ASG Defendants' alleged conduct/misconduct arose in 2016, and the statutes ran on those claims as late as 2019. Plaintiff's Complaint further contains mere labels and conclusions and fails to comply with the *Twombly* and *Ashcroft* pleading standards, as well as the particularity requirements of Federal Rule of Civil Procedure 9(b). Finally, Plaintiff is not entitled to a preliminary injunction as it cannot meet its burden of persuasion based on the barebones allegations of its Complaint.

WHEREFORE, PREMISES CONSIDERED, Defendants, The Alarm Company, LLC d/b/a Alarm Services Group, LLC and Thomas Brady, request this Honorable Court dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff's claims are barred by their respective statutes of limitations and the Complaint fails to meet the federal pleading standards pursuant to governing case law and Fed. R. Civ. Pro. 9(b). Alternatively, ASG Defendants request this Court

dismiss Plaintiff's claims for tortious interference with business relations, defamation/libel/slander, and intentional wrong/doing gross negligence/negligence on the grounds they are barred by their respective statute of limitations. ASG Defendants further pray for all other relief to which it is entitled in the premises, both in law and equity.

Respectfully submitted, this the 29th day of October, 2024.

                                      **THE ALARM COMPANY, LLC d/b/a ALARM SERVICES GROUP, LLC and THOMAS BRADY**

By:   /s/ *Phillip M. LeMere*
DORIS T. BOBADILLA (#99869)
PHILLIP M. LEMERE (#106312)
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, A PLC**
2510 14th Street, Suite 1010
Gulfport, MS 39501
Telephone: 228-214-4250
Facsimile: 228-214-9650
Email: dbobadilla@gallowaylawfirm.com
Email: plemere@gallowaylawfirm.com
*Attorneys for ASG Defendants*

## CERTIFICATE OF SERVICE

I, Phillip M. LeMere, one of the attorneys for Defendants, The Alarm Company, LLC d/b/a Alarm Services Group, LLC and Thomas Brady, do hereby certify that I have this date served the above and foregoing upon all counsel of record and interested persons using the Court's ECF filing system.

So certified, this 29th day of October, 2024.

/s/ *Phillip M. LeMere*
PHILLIP M. LEMERE (#106312)