UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ALDER HOLDINGS, LLC**                                             **PLAINTIFF**

**VS.**                 **CAUSE NO.: 1:24-cv-00181-GHD-RP**

**THE ALARM COMPANY, LLC**
**dba ALARM SERVICES GROUP, LLC;**
**THOMAS BRADY; and JOHN DOE**
**DEFENDANTS 1-30**                                                       **DEFENDANTS**

**PLAINTIFF'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF ITS RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Alder Holdings, LLC ("Alder") hereby submits its *Memorandum of Authorities in Support of Its Response to Defendants' Motion to Dismiss*.

## INTRODUCTION

The actions of defendants for which plaintiff seeks relief began as far back as 2016, and those repeated acts of wrongful conduct continue to occur, thereby creating separate causes of action, up to and including when the *Complaint* was filed. Therefore, regardless of whether the one-year or three-year statute of limitations applies to the various allegations of wrongdoing, none are time barred. *Pierce v. Cook*, 992 So. 2d 612, 619 (Miss. 2008) (explaining that "repeated wrongful conduct" tolls the statute of limitations). Further, considering federal pleading requirements under Rule 8(a), plaintiff has sufficiently stated claims upon which relief can be granted against defendants. *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 668-69 (5th Cir. 2004) (limiting stringent pleading requirements to causes of action specifically enumerated in Rule 9(b)). To the extent the Court deems plaintiff's *Complaint* to be insufficient, dismissal should be without prejudice, allowing plaintiff to more particularly plead.

40310536v1

*See Summer v. Land & Leisure Inc.*, 664 F.2d 965, 971 (5th Cir. 1981) (noting that plaintiff should be allowed to "assert more particularized allegations").

## ALLEGATIONS OF COMPLAINT

Alder's *Complaint* was initially filed in the Circuit Court of Clay County, Mississippi. (Doc. #2]. After defendants were served, they removed the lawsuit to this Court, filing Alder's state court *Complaint* in federal court. [Doc. #1, 2].

The *Complaint* asserts that Alder is engaged in the business of selling electronic security, alarm and home automation services and that defendant The Alarm Company, LLC dba Alarm Services Group, LLC ("ASG") is also engaged in the business of selling electronic security, network video recorder systems, alarm and home automation services. [Doc. #2, ¶¶ 8-9). It further alleges that defendant Brady is a manager and/or owner of ASG who is directly involved in ASG's business operations. *Id.* at ¶ 10. Both companies derive revenue from servicing customers who pay on a monthly basis after entering into long term contracts. *Id.* at ¶ 11. Further, both companies use door to door sales representatives, and competition in the home security business can be intense. *Id.* at ¶ 14.

The *Complaint* further states and describes a practice by which a company can "slam" a customer of a competitor thereby causing an existing customer of one company to transfer his business to another. Doing so, at times, can cross the line into illegal or improper conduct. *Id.* at ¶¶ 16-17.

More specific to the alleged acts of wrongdoing, Alder asserts in its *Complaint* that as far back as 2016 "and continuing through the present," ASG, including defendant Brady, has made false statements to Alder's customers and others. *Id.* at ¶ 18. The *Complaint* then provides examples of actions committed by ASG including specific acts of making false statements about Alder. *Id.* at ¶¶ 19-21.

The *Complaint* states that through these false and deceptive practices, ASG representatives "continue to attempt to convince Alder customers to grant ASG access to the equipment that Alder has installed." *Id.* at ¶ 21. These wrongful actions have been done up to the time of the filing of the lawsuit and include ASG representatives swapping out communications cards on devices that Alder has installed. *Id.* These "actions" of ASG and Brady occurred in the past, and "actions" are "ongoing." *Id.* at ¶ 22. The *Complaint* states that "ASG's actions continue" which continue to harm Alder. *Id.* at ¶ 24.

After giving these specific factual allegations, Alder then asserts causes of action for tortious interference with business relations, defamation/libel/slander, intentional wrongdoing/ gross negligence/negligence and violation of the Lanham Act. *Id.* at ¶¶ 25-39.

Alder seeks to recover compensatory and punitive damages against defendants as well as injunctive relief prohibiting the improper ongoing actions by ASG and Brady. *Id.* at ¶¶ 40-45. Specifically, the claim for injunctive relief was made because the individual tortious acts of defendants continue up to and as of the filing of the *Complaint* and such was alleged in the *Complaint*. *Id.* The *Complaint* states that injunctive relief is sought to order ASG and Brady "to refrain and desist from making the false and defamatory statements and conducting the slam activities described above or any other actions or activities aimed at harming Alder's business." *Id.* at ¶ 41.

## LEGAL ARGUMENT

### A. Rule 12(b)(6) Standard

When considering a Rule 12(b)(6) motion, "a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff." *Doherty v. Shelter Mut. Ins. Co.*, 2019 WL 4888580 at 1 (*citing Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)). Dismissal of the complaint is proper only "when the complaint 'on its face

shows a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (*quoting Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986)). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[H]eightened fact pleading of specifics" is not required, but "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The plaintiff should be given the benefit of the doubt as "[t]he Court must view the facts in favor of the plaintiff." *Spiers v. Childress*, 2023 WL 11667634 at 2 (*citing Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002)). As "[s]pecific facts are not necessary," the complaint must only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, the complaint must only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic*, 550 U.S. at 555. Simply stated, the court must construe "the Complaint in the light most favorable to Plaintiff… ." *Wheaton v. Camber Pharmaceuticals, Inc.*, 2021 WL 7286020 at 2.

Although a statute of limitations defense may be asserted in a Rule 12(b)(6) motion, "the motion cannot be granted unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Cross v. Lucius*, 713 F.2d 153, 156 (5th Cir. 1983) (*quoting Abdul-Alim Amin v. Universal Life Ins. Co.*, 706 F.2d 638, 640 (5th Cir. 1983)). Dismissal for failure to file suit within the statute of limitations under Rule 12(b)(6) is proper only when "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise to some basis for tolling or the like." *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). But, if the timeliness of the claim is contingent on "'evidence obtained in discovery or even require[s] a fact finder to resolve disputed issues,' then dismissal under Rule

12(b)96) is not appropriate.'" *Spiers*, 2023 WL 11667634 at 3 (*quoting Turnage v. Britton*, 29 F.4TH 232, 244 (5th Cir. 2022)).

### B. Individual, actionable claims of wrongdoing occurred up to the time of the filing of the *Complaint*.

The actions of defendants for which plaintiff seeks relief are continuing and repeated actions causing plaintiff injury. Alder is not seeking recovery for damages that continue from wrongful acts done years prior but rather for damages as a result of multiple acts of wrongdoing being repeated by defendants. The claims fall under Mississippi's "continuing tort doctrine" which states as follows:

> "[W]here a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious acts cease. Where the tortious act has been completed, or the tortious acts have ceased, the period of limitations will not be extended on the grounds of a continuing wrong.
>
> A 'continuing tort' is one inflicted over a period of time; it involves a wrongful conduct that it repeated until desisted, and each day creates a separate cause of action. *A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects of an original violation.*"

*Pierce v. Cook*, 992 So. 2d 612, 619 (Miss. 2008) (*quoting Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993) (emphasis in original)). The Mississippi Supreme Court has also noted that "the defendant must commit repeated acts of wrongful conduct" for the doctrine to apply and it does not apply "when harm reverberates from one wrongful act or omission." *Smith v. Franklin Custodian Funds, Inc.*, 726 So. 2d 144, 148-49 (Miss. 1998).

Explaining the doctrine in a trespass context, the court explained that "each time [defendant] rented out [plaintiff's] unit or went into [plaintiff's] unit without his consent or knowledge, a new cause of action was created." *Robertson v. Chateau Legrand Property Owner's Assoc., Inc.*, 39 So. 3d 931, 939 (Miss. Ct. App. 2009). In an action against a nursing home for failure to provide proper care to a resident, the Mississippi Supreme Court explained that each

time the resident needed feeding assistance throughout her stay and it was not provided, "a tortious omission may have occurred… ." *Estate of Fedrick v. Quorum Health Resources, Inc.*, 45 So. 3d 641, 643 (Miss. 2010). The court further explained that "[t[hese allegations fit within the definition of a continuing tort, that is, 'one inflicted over a period of time…wrongful conduct that is repeated until desisted.'" *Id.* (*quoting Stevens*, 615 So. 2d at 1183).

Alder's *Complaint* asserts facts which satisfy the "continuing tort doctrine." In the *Complaint*, Alder noted that the initial acts of wrongdoing occurred as far back as 2016 and were "continuing through the present" which consisted of defendant and his representatives making "false statements of fact to Alder's existing customers… ." [Doc. #2, ¶ 18]. Further, ASG representatives "continue to attempt to convince Alder customers to grant ASG access to the equipment that Alder has installed" so that it could "swap out communication cards on devices that Alder has installed such that devices cease communicating with Alder and instead start to communicate with ASG." *Id.* at ¶ 21. In addition to being the basis for tortious conduct for which Alder is seeking monetary damages, the actions of ASG which give rise to the lawsuit have been so recent and prevalent that Alder felt compelled to seek injunctive relief. Alder asserted that "Defendants' actions present a significant and omnipresent liability to Alder's business activities and relations." *Id.* at ¶ 42.

    C. **Federal pleading requirements are met in the Complaint.**

Defendants contend that plaintiff's *Complaint* should be dismissed *with prejudice* because it failed to meet pleading requirements of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure. Defendant's *Memorandum*, page 7 ("Not only has Plaintiff failed to plead its claims in accordance with basic standards set forth in *Twombly* and *Ashcroft*, it has also failed to meet the particularity requirements of Fed. R. Civ. Pro. 9(b).").

Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief… ." F.R.C.P. 8(a)(2). And, Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." F.R.C.P. 9(b).

Courts considering dismissal under either rule must do so sparingly as the Rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted" and "are designed to discourage battles over mere form of statement." *Johnson v. City of Shelby, Mississippi*, 574 U.S. 10, 11 (2014). The interplay with Rules 8 and 9 has been explained as follows:

> [I]n addition to dismissing the fraud claim, the district court, without analysis or discussion, dismissed plaintiffs' claims of negligent misrepresentation …for failure to plead the claims with particularity. This dismissal was in error and we reverse. Rule 9(b) is an exception to the liberal federal court pleading requirements embodied in Rule 8(a). Rule 9(b)'s stringent pleading requirements should not be extended to causes of actions not enumerated therein. Accordingly, plaintiffs' negligent misrepresentation claims are only subject to the liberal pleadings requirements of Rule 8(a), which [defendant] does not contest that they satisfy. Therefore, it was error for the district court to dismiss plaintiffs' negligent misrepresentation claims for failure to plead with particularity.

*American Realty Trust*, 115 Fed. App'x. at 668-69. *See also, Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) ("This Court, however, has declined to extend [Rule 9(b)'s] exceptions to other contexts.") and *Wright & Miller*, Federal Practice and Procedure: Civil 2d § 1297 ("Since [Rule 9(b)] is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the federal rules, its scope of application should be construed narrowly and not extended to other legal theories or defenses.").

In *American Realty Trust*, the court explained that defendant mistakenly relied on the case of *Williams v. WMX Technologies*, 112 F. 3d 175 (5th Cir, 1997). Similarly, defendants in this

case mistakenly rely on *Williams* for the same proposition. *See Defendant's Memorandum*, page 7.

Alder, in its *Complaint,* admittedly did not provide, with particularity, some of the items required by Rule 9(b). However, the *Complaint* stated that tortious and slanderous statements were made by defendant Thomas Brady and those wrongful acts occurred as far back as 2016 and were made multiple times up to and including the present. In paragraphs 16 through 21, Alder states actions taken by Brady and other ASG representatives which caused Alder damages. Alder asserted that ASG representatives have attempted and continue to attempt to convince Alder customers "to grant ASG access to the equipment that Alder has installed" and "swap out communication cards on devices that Alder has installed such that the devices cease communicating with Alder and instead start to communicate with ASG." [Doc. #2, ¶ 21]. Those actions have caused "customers [to] terminate their contracts with Alder…" *Id.* at ¶ 22. Other specific actions of wrongdoing are stated throughout the *Complaint*.

To the extent that the court finds that Alder's *Complaint* is deficient pursuant to Rule 8(a) or 9(b), dismissal should be without prejudice as "dismissal for failure to comply with Rule 9(b) is almost always with leave to amend." *Summer*, 664 F.2d at 971. ("[W]e hold that on remand Summer be granted leave to amend to assert more particularized allegations…if he can do so."). *See also 2A Moore's Federal Practice,* P 9.03 (explaining that dismissal for failure to comply with Rule 9(b) is almost always with leave to amend).

**D. *Defendants' Motion to Dismiss* plaintiff's claim for preliminary injunction is premature and unsupported.**

Other than citing the four elements required for a preliminary injunction, defendants' argument is a regurgitation of its arguments previously made. Rather than answering the *Complaint*, defendants opted to file their *Motion to Dismiss* without otherwise pleading. Further,

defendants have presented no legal authority as to why dismissal is warranted under Rule 12(b)(6). As such, defendants' *Motion* should be denied.

## I. CONCLUSION

For the reasons stated herein, defendants' *Motion* should be denied.

WHEREFORE, PREMISES CONSIDERED, plaintiff Alder respectfully requests that the Court enter an Order denying *Defendants' Motion to Dismiss*.

This the 11th day of December, 2024.

                                                  Respectfully submitted,

                                                  ALDER HOLDINGS, LLC

                                                  <u>/s/ John D. Brady, MSB 9780</u>
                                                  *Its Attorney*

Of Counsel:

Mitchell, McNutt & Sams, P.A.
Attorneys at Law
215 Fifth Street North
Post Office Box 1366
Columbus, Mississippi 39703-1366
Telephone: (662) 328-2316
Facsimile: (662) 328-8035
*jbrady@mitchellmcnutt.com*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system and forwarded such filing via United States Postal Service or ECF notification to the following:

Phillip M. LeMere, Esquire
Doris T. Bobadilla, Esquire
Galloway, Johnson, Tompkins, Burr & Smith, A PLC
2510 14th Street, Suite 1010
Gulfport, MS 39501
*plemere@gallowaylawfirm.com*
*dbobadilla@gallowaylawfirm.com*
Attorneys for ASG Defendants

Dan W. Webb, Esquire
Webb, Sanders & Williams, PLLC
Post Office Box 496
Tupelo, MS 38802-0496
*dwebb@webbsanders.com*
Attorney for ASG Defendants

Taylor H. Webb, Esquire
Tollison & Webb, P.A.
Post Office Box 1216
Oxford, MS 38655
*taylor@tollisonlaw.com*
Attorney for ASG Defendants

This the 11th day of December, 2024.

/s/John D. Brady