IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ALDER HOLDINGS, LLC**                                                                                                      **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO. 1:24-cv-00181-GHD-RP**

**THE ALARM COMPANY, LLC**
**dba ALARM SERVICES GROUP, LLC;**
**THOMAS BRADY; and JOHN DOE**
**DEFENDANTS 1-30**                                                                       **DEFENDANTS**

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THE REPLY TO THE
RESPONSE TO THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO Fed. R. Civ. Pro. 12(b)(6)[1]**

**COMES NOW,** Defendants, The Alarm Company, LLC d/b/a Alarm Services Group, LLC ("ASG") and Thomas Brady ("Brady") (collectively referred to as "ASG Defendants"), by and through their undersigned counsel of record, the law firm of Galloway, Johnson, Tompkins, Burr & Smith, and files their Memorandum in Support of the Reply to the Response to the Motion to Dismiss Plaintiff, Alder Holdings, LLC's ("Plaintiff") Complaint, pursuant to Fed. R. Civ. Pro. Rule 12(b)(6), and in support thereof, would show unto this Court, the following:

**SUMMARY OF REBUTTAL ARGUMENT**

As predicted in ASG Defendants' Memorandum in Support of the Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6) [Doc. 10], Plaintiff's Response in Opposition [Docs. 19-20] raises arguments pertaining to the "continuing tort" doctrine in an effort to toll the respective statutes of limitations. Namely, Plaintiffs argue the doctrine applies to toll the statutes of limitations because they claim ASG Defendants' alleged conduct is "continuing through the present" but beginning "as far back as 2016." [Doc. 2, ¶¶ 16 and 18]. This speaks to another issue and one of

---

[1] ASG Defendants do not waive any affirmative defenses by filing its 12(b)(6) Motion to Dismiss and Memorandum in Support.

the purposes behind ASG Defendants' Motion to Dismiss: it is unclear, beyond three vague and undated examples (with eight years to spare between 2016 and 2024), how Plaintiffs' claims for libel, slander, defamation, tortious interference with business relations, negligence/gross negligence, Lanham Act violations, and other torts of intentionality can survive their respective statutes of limitations based the barebones allegations of the Complaint. *See generally* [Doc. 2].

Certainly, Plaintiffs' routine use of the word "continuous" alone cannot be enough to trigger the continuing tort doctrine and toll the respective statutes of limitation, nor can it be enough to meet Federal or Mississippi's pleading requirements. Plaintiff's Complaint is rooted in allegations of fraud, maliciousness and deception, and by Plaintiff's own admission, they also do not meet the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. [Doc. 20, Pg. 8]; Fed. R. Civ. Pro 9(b).

Accordingly, Plaintiff's Complaint fails for a number of reasons and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**REBUTTAL ARGUMENT[2]**

**I.     The Statutes of Limitation Bar Plaintiff's Claims.**

Based on the logic of the arguments set forth in the Response in Opposition, ASG Defendants (or any defendants in any other matter) would never have the benefit of statutes of limitation. [Doc. 20]. Based on Plaintiff's interpretation of the continuing tort doctrine, a plaintiff could allow its alleged claims to generate into perpetuity, regardless of whether it was aware of a

---

[2] ASG Defendants incorporate the Standard of Review and Summary of Relevant Facts sections of its Memorandum in Support of the Motion to Dismiss into this Reply.

defendant's allegedly tortious conduct, and file a complaint out of time and as that plaintiff deemed appropriate.

The three examples provided by Plaintiff in its Complaint to describe ASG Defendants' allegedly tortious conduct involve different statements made to different individuals/Alder customers. [Doc. 2, ¶¶ 19-20]. Under Mississippi law, these incidents described in the Complaint create separate causes of action for defamation, libel, slander, tortious interference with business relations, negligence/gross negligence, and other intentional torts whereby "each wrongful act or omission alleged by [the Plaintiff] is identifiable and distinct." *Winters v. AmSouth Bank*, 964 So. 2d 595, 600 (Miss. Ct. App. 2007). Plaintiff's Complaint "points to numerous instances of alleged wrongful or negligent conduct, however, the acts or omissions asserted are not continual." *Id.* Though there are no specific dates provided in the threadbare Complaint, "there is an ascertainable date on which the acts or omissions occurred and the tort is complete." *Id.; see also Seiferth v. Helicopteros Atuenros, Inc.*, 472 F.3d 266 (5th Cir. 2007) (under Mississippi law, a tort is complete upon injury to a plaintiff).

This is not a matter where Plaintiff was not aware of ASG Defendants' allegedly tortious misconduct whereby Plaintiff would arguably have the benefit of the discovery rule. *See Ronaldo Designer Jewelry, Inc. v. Cox*, 2020 WL 1124599, at *5-6 (N. D. Miss. Mar. 6, 2020) (quoting *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 393 (5th Cir. 2014) (in a Lanham Act action, stating a plaintiff's claims for unfair competition and business practice were subject to a three-year limitations period and accrue "once the plaintiff knows or has reason to know of the injury upon which the claim is based"). No, pursuant to the allegations of the Complaint, "Alder has reached out to ASG multiple times to insist that it cease the false and deceptive business practices," all of which are isolated and are specific incidents of alleged wrongdoing. [Doc. 4-3, ¶ 24]; *see Ford v.*

3

*Litton Loan Servicing LP*, 2015 WL 5655721, at *3 (N.D. Miss. Sept. 24, 2015) (citing to *Buntyn v. JP Morgan Chase Bank, N.A.*, 2014 WL 652946, at *1 (S.D. Miss. Feb. 20, 2014) (holding the doctrine of continuing tort does not apply to toll statute of limitations on claims where harm "reverberates from a wrongful act," not a continuing wrong).

Additionally, by Plaintiff's own allegations, it was aware of ASG Defendants' alleged misconduct since 2016 (electing not to file a complaint within the respective time periods), and now seeks to benefit from the continuing tort doctrine because the statutes of limitations are in question and have run. [Doc. 4-3, ¶ 18]. Mississippi law generally provides, "statutes of limitation begin to run as soon as a cause of action exists.'" *Greenlee v. Mitchell*, 607 So. 2d 976, 110 (Miss. 1992). Indeed, the Supreme Court of Mississippi has routinely held a "cause of action accrues 'when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested.'" *Weathers v. Met. Life Ins. Co.*, 14 So. 3d 688, 692 (Miss. 2009) (quoting *Bullard v. Guardian Life Ins. Co. of Am.*, 941 So. 2d 812, 815 (Miss. 2006)).

As emphasized in ASG Defendants' Memorandum in Support of the Motion to Dismiss, the only specific date alleged in Plaintiff's Complaint to pinpoint ASG Defendants' alleged misconduct is 2016. [Doc. 4-3, ¶ 18]. Plaintiff simply alleges a number of different torts against ASG Defendants with each involving different sets of facts and circumstances (and individuals). [Doc. 4-3, ¶¶ 19-20, 25-32]. *See Bryant v. Military Department of Mississippi*, 597 F.3d 678, 689 (5th Cir. 2010) ("a continuing tort is a wrongful conduct that is repeated until desisted, not an amalgam of various wrongs").

Plaintiff stated in its Response in Opposition that Rule 12(b)(6) dismissal of a complaint is proper only when "it is evident from the pleadings that the action is barred and the pleadings fail to raise some basis of tolling or the like." [Doc. 20, Pg. 4]; *Jones v. ALCOA, Inc.*, 339 F.3d 359,

4

366 (5th Cir. 2003). The only thing evident from Plaintiff's Complaint is that its claims are barred, and Plaintiff cannot benefit from being aware of ASG Defendants' allegedly tortious misconduct for "several years" and filing its Complaint at a time it deemed most opportune — for one reason or another. [Doc. 4-3, ¶ 24].

Accordingly, Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted.

II.     **Plaintiff's Complaint does not meet State or Federal Pleading Requirements.**

Plaintiff's Response in Opposition does not adequately address ASG Defendants' arguments pertaining to the Complaint's failure to meet State, Federal, and Rule 9(b) pleading requirements. [Doc. 20, Pgs. 6-8]; Fed. R. Civ. Pro. Rule 9(b).

Beyond the three examples in the Complaint discussed in the preceding section of this Reply, Plaintiff's Complaint is no more than elements for tortious interference with business relations, defamation/libel/slander, intentional wrongdoing/negligence/gross negligence, and vague assertions of Lanham Act violations. [Doc. 4-3, ¶¶ 25-39]. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need factual allegations, [sic] a plaintiff's obligation to provide 'grounds' of [its] entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Plaintiff's allegations are entirely rooted in intentional fraud, deceit, and maliciousness (along with other words synonymous with fraud). [Doc. 4-3].[3] Plaintiff is correct that Rule 8(a)(2) merely requires a Complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." [Doc. 20, Pg. 7]; Fed. R. Civ. Pro. 8(a)(2). However, Rule 9(b)

---

[3] Plaintiff loosely uses words of intentionality, maliciousness, falsehood, and deception at least twenty (20) times throughout its Complaint and in each cause of action. [Doc. 4-3].

requires pleading claims of fraud and deceit with particularity and "does not require courts to credit a complaint's conclusory statements without reference to its factual context." *Ashcroft v. Iqbal*, 556 U.S. 662, 686-7, 19 S. Ct. 1937, 173 L. Ed 2d 868 (2009). "And Rule 8 does not empower [Plaintiff] to plead the bare elements of [its] cause of action…and expect [its] complaint to survive a motion to dismiss." *Id.* Fed. R. Civ. Pro. 8(a).

In fact, Plaintiff admits it "did not provide, with particularity, some of the items required by Rule 9(b)." [Doc. 20, Pg. 8]. ASG Defendants agree with Plaintiff.[4] In any event, Plaintiff's claims are barred by the respective statues of limitations based on a plain reading of the Complaint, and the barebones allegations therein do not service any arguments to the contrary. *See Iqbal*, 556 U.S. at 664 ("A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth"). Should this Court disagree with ASG Defendants and find Plaintiff's Complaint contains well-pleaded allegations, the Court should "assume their veracity," find that most if not all of Plaintiff's claims arise as early as 2016 and are barred by their respective statutes of limitation and dismiss the Complaint with prejudice. *Id.*

Thus, Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted.

**III.    ASG Defendants' Arguments Against Preliminary Injunction is not Premature.**

Plaintiff does not challenge ASG Defendants' arguments, case law, and authority against Plaintiff's request for preliminary injunction other than to say they are premature and to state ASG Defendants opted to file their Motion to Dismiss without otherwise pleading. [Doc. 20, Pgs. 8-9].

---

[4] ASG Defendants refer the Court to the list of labels and conclusory allegations of Plaintiff's Complaint provided in their Memorandum in Support. [Doc. 10, Pgs. 7-8].

Agreeing with Plaintiff, ASG Defendants cite the four elements for grant of preliminary injunction in their Memorandum in Support and argue why Plaintiff is not entitled to same in conjunction with those elements based on arguments previously made in the Memorandum. [Doc. 10, Pgs. 9-11]. Indeed, ASG Defendants' arguments against a preliminary injunction are grounded in the same facts and arguments favoring dismissal of the Complaint altogether. *See generally* [Doc. 10].

Because Plaintiff failed to show irreparable harm in its Response to ASG Defendants' Motion to Dismiss, this Court may deny Plaintiff's request for preliminary injunction without consideration of the other factors. *See Ronaldo Designer Jewelry, Inc. v. Cox*, 2017 WL 3879095, at *11 (N.D. Miss. Sept. 7, 2017) (in a matter involving alleged violations of the Lanham Act, denying a movant's request for preliminary injunction for failure to establish irreparable harm and finding no need to address the remaining factors). Plaintiff's failure to address ASG Defendants' arguments against preliminary injunction clearly indicates there is no apparent urgency to the requested injunctive relief. *Id.*

Accordingly, Plaintiff's request for preliminary injunction should be denied as it has failed to meet its burden of persuasion and address the arguments made by ASG Defendants in their Memorandum in Support. [Doc. 10, Pgs. 9-11].

WHEREFORE, PREMISES CONSIDERED, Defendants, The Alarm Company, LLC d/b/a Alarm Services Group, LLC and Thomas Brady, request this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff's claims are barred by their respective statutes of limitations and the Complaint fails to meet the state and federal pleading requirements. Alternatively, ASG Defendants request this Court dismiss Plaintiff's claims for

tortious interference with business relations, defamation/libel/slander, and intentional wrong/doing gross negligence/negligence on the grounds they are barred by their respective statute of limitations. ASG Defendants further pray for all other relief to which it is entitled in the premises, both in law and equity.

Respectfully submitted, this the 18th day of December, 2024.

**THE ALARM COMPANY, LLC d/b/a ALARM SERVICES GROUP, LLC and THOMAS BRADY**

By: /s/ *Doris T. Bobadilla*
DORIS T. BOBADILLA (#99869)
PHILLIP M. LEMERE (#106312)
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, A PLC**
2510 14th Street, Suite 1010
Gulfport, MS 39501
Telephone: 228-214-4250
Facsimile: 228-214-9650
Email: dbobadilla@gallowaylawfirm.com
Email: plemere@gallowaylawfirm.com
*Attorneys for ASG Defendants*

8

## **CERTIFICATE OF SERVICE**

I, Doris T. Bobadilla, one of the attorneys for Defendants, The Alarm Company, LLC d/b/a Alarm Services Group, LLC and Thomas Brady, do hereby certify that I have this date served the above and foregoing upon all counsel of record and interested persons using the Court's ECF filing system.

So certified, this 18th day of December, 2024.

/s/ *Doris T. Bobadilla*
DORIS T. BOBADILLA