UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ALDER HOLDINGS, LLC                                        PLAINTIFF

vs.                                          Civil No. 1:24-cv-00181-GHD-RP

THE ALARM COMPANY, LLC
d/b/a ALARM SERVICES GROUP, LLC;
THOMAS BRADY; AND JOHN DOE
DEFENDANTS 1-30                                           DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court is Defendants The Alarm Company, LLC d/b/a Alarm Services Group, LLC ("ASG") and Thomas Brady's ("Brady") (collectively "Defendants") Motion to Dismiss [Doc. No. 9]. This is in response to Plaintiff Alder Holdings, LLC's ("Plaintiff") Complaint [2] alleging tortious interference with business relations, defamation, libel, slander, gross negligence, negligence, and violations of the Lanham Act.[1] Upon due consideration, the Court finds Defendants' Motion [9] should be denied as moot, and Plaintiff shall be required to file an amended complaint.

### I.    Factual and Procedural Background

Both parties to this dispute sell and install security alarm systems using door to door sales representatives.[2] Defendant Brady is ASG's manager and one of its owners. Both parties acknowledge "[c]ompetition in the home security business can be intense," but Plaintiff alleges Defendants "cross[ed] the line into illegal . . . conduct" to cause Alder customers to transfer their business to Defendants' services beginning in 2016. Plaintiff claims Defendants made "false statements of fact to Alder's existing customers and possibly others" alleging some specific

---

[1] 15 U.S.C. § 1125(a).
[2] As Federal Rule of Civil Procedure 12(b)(6) requires, all background information is drawn from the pleadings [1; 2].

examples. First, Plaintiff notes "ASG's representatives have told Alder customers that Alder has gone out of business and/or that ASG has 'bought out' Alder." Second, "ASG's representatives . . . staged a fake phone call to an existing Alder customer . . . [and] pretended to be . . . an Alder representative who confirmed that the customer's contract with Alder was cancelled." Plaintiff also alleges "ASG representatives [swapped] out communication cards on devices that Alder has installed," cutting communication between Plaintiff and its equipment. What is more, Plaintiffs allege this activity is "ongoing," causing a "loss of reputation." As a result, Plaintiff filed a lawsuit in state court which was then removed to this Court.

## II.    *Standard of Review*

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In other words, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal

2

conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570).

### III.    Analysis and Discussion

Defendants' Notice of Removal [1] shows jurisdiction is proper because complete diversity of citizenship exists between the parties with an alleged amount in controversy exceeding $75,000. Further, federal question jurisdiction exists due to Plaintiff's Lanham Act claim. Plaintiff also brings state law actions including tortious interference with business relations, defamation, libel, slander, gross negligence, and negligence against Defendants. However, the dispute currently before the Court centers on Federal Rule of Civil Procedure Rule 9(b).

As Rule 9(b) states, a plaintiff must allege fraud or mistake "with particularity the circumstances constituting fraud or mistake." The Fifth Circuit has clarified "[p]laintiffs must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent'" to survive a motion to dismiss. *Elson v. Black*, 56 F.4th 1002, 1009 (5th Cir. 2023) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).[3] Further, this information must "be laid out *before*

---

[3] Plaintiff cites *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 668-69 (5th Cir. 2004), in opposition to the dismissal of its claims under Rule 9(b). However, that case is distinguishable from the case *sub judice*. In *American Realty Trust*, the Fifth Circuit's Rule 9(b) application analysis turns on whether the given plaintiff distinguishes between their general claims from their fraud claims; finding those plaintiffs had, the Fifth Circuit decided the general claims were not subject to Rule 9(b)'s heightened pleading standard. *Id.* at n.30. In the case before this Court, however, Plaintiff makes no such distinction, but instead pleads underlying fraudulent activity for each of its claims; therefore, all claims in this case are currently subject to Rule

3

access to the discovery process is granted." *Id.* (quoting *Williams*, 112 F.3d at 178) (internal quotation marks omitted) (emphasis in original).

Plaintiff has failed to make its allegations with Rule 9(b)'s required particularity, and it admits this shortcoming.[4] The three clearest allegations, however, included:

- "ASG representatives have told Alder customers that Alder has gone out of business and/or that ASG has 'bought out' Alder" [2].

- "ASG's representatives egregiously staged a fake phone call to an existing Alder customer during which an ASG representative pretended to be speaking with an Alder representative who confirmed that the customer's contract with Alder was cancelled" [*Id.*].

- "ASG installed a network video recording system and cameras in the homes of Alder customers, and then instructed the customer to stop paying Alder for their alarm services" [*Id.*].

While these allegations are clearer than others made in the Complaint, they still fall short of Rule 9(b)'s particularity requirements because they at least fail to "identify the speaker, [and] state when and where the statements were made." *Elson*, 56 F.4th at 1009 (internal quotation marks omitted). That said, the Court agrees with Plaintiff's request it should be provided an opportunity to file an amended complaint because "[d]ismissal for failure to comply with Rule 9(b) is almost always with leave to amend." *Stringer v. Remington Arms Co., L.L.C.*, 52 F.4th 660, 663 (5th Cir. 2022) (quoting *Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 971 (5th Cir. 1981)).

## IV.    Conclusion

In sum, the Court shall order Plaintiff to file an amended complaint within twenty-one days of today's date. Additionally, Defendants' present Motion to Dismiss [9] shall be denied without prejudice as moot. If they so choose, Defendants shall have the opportunity to file any

---

9(b). "[A]sserting claims premised on fraudulent conduct can trigger the obligation to plead with particularity." Wright & Miller, Federal Practice and Procedure: Civil 4th § 1297, p. 36. "[Rule 9(b)] does apply in whatever substantive or factual context fraud might arise." *Id.* at 51.

[4] "Alder, in its *Complaint*, admittedly did not provide, with particularity, some of the items required by Rule 9(b)" [20].

4

further motions related to dismissal after Plaintiff has filed an amended complaint.

An order in accordance with this opinion shall issue this day.

THIS, the _____ day of May, 2025.

SENIOR U.S. DISTRICT JUDGE