UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ALDER HOLDINGS, LLC                                                    PLAINTIFF

VS.                                                  CAUSE NO.: 1:24-cv-00181-GHD-RP

THE ALARM COMPANY, LLC
dba ALARM SERVICES GROUP, LLC;
THOMAS BRADY; and JOHN DOE
DEFENDANTS 1-30                                                        DEFENDANTS

---

## AMENDED COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW Alder Holdings, LLC ("Alder"), by and through counsel, and files this

Amended Complaint against The Alarm Company, LLC dba Alarm Services Group ("ASG") and

Thomas Brady (jointly "Defendants"), and in support thereof states as follows:

### PARTIES

1.      Plaintiff Alder is a Utah limited liability company with its principal place of

business in Utah.

2.      Defendant ASG is a limited liability company with its principal place of business

in Tennessee. It may be served with this *Amended Complaint* through its counsel of record pursuant

to Rule 5(b)(1) of the Federal Rules of Civil Procedure.

3.      Defendant Thomas Brady is believed to be a resident of the state of Mississippi or

Tennessee and may be served with this *Amended Complaint* through its counsel of record pursuant

to Rule 5(b)(1) of the Federal Rules of Civil Procedure.

4.      John Doe Defendants are entities or individuals who are liable for the injuries and

damages alleged herein. At this time, Alder is unaware of the true names of these potential

Defendants and, therefore, sues them by such fictitious names. Alder reserves the right to amend

40451731v1

this Complaint if and when the true names and identities of the John Doe defendants become known to Alder.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C 1332(a), as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum and value of $75,000.00.

6. Venue is proper in this Court pursuant to 28 U.S.C 1391(a), because a substantial part of the events or omissions giving rise to this claim occurred in Clay County, Mississippi

## FACTS

7. Alder is engaged in the business of selling and providing, among other things, electronic security, network video recorder systems, alarm, and home automation services throughout the United States, including Clay County and other counties in Mississippi.

8. ASG is also engaged in the business of selling and providing, among other things, electronic security, network video recorder systems, alarm, and home automation services throughout the United States, including Clay County and other counties in Mississippi.

9. Defendant Brady is listed as Manager for ASG and is the owner or one of the owners of ASG or otherwise is directly involved in ASG's business operations, including sales.

10. A key source of revenue for both Alder and ASG comes from servicing customers who pay a monthly fee for home security, network video recorder systems alarm, and automation services. These customers typically enter into contracts to pay a monthly fee for goods and services provided to them.

11. When a new customer relationship is created by Alder, Alder typically incurs up-front expenses to install equipment at the customer's house, and the cost of such equipment and labor is recovered as the customer complies with the contract payment terms.

12. Alder's most valuable assets are the relationships that it has created with its customers.

13. Both Alder and ASG generate sales using door-to-door sales representatives. A primary source of new customers for both Alder and ASG comes from such representatives making sales to new customers.

14. Competition in the home security business can be intense, both in finding new customers and in recruiting competent sales representatives.

15. A known practice in the home security industry is to "Slam" a customer of a competitor, which means to cause an existing customer of services to transfer their business to another provider of similar services.

16. While it is possible to slam a customer of another company without violating any law, at times, competitors cross the line into illegal and improper conduct in an effort to slam its competitors' customers, and to thereby increase their own sales.

17. As far back as 2016, and continuing through the present, ASG, through its representatives and their supervisors, including Defendant Brady, has intentionally, maliciously, recklessly, contumaciously and/or negligently made false statements of fact to Alder's existing customers and took actions to interfere with Alder's business relations.

18. Specifically, on or about May 6, 2022, ASG representative Jimmy Smith told Alder customer Tracy Brown at his home located at 1019 Sisson Drive, Greenville, Mississippi, that Alder was going out of business and ASG was buying them. These statements were false. Also, during the course of the meeting, Smith acted as if he was calling Alder to tell them Brown's contract had ended. These actions led to Brown ending his contract with Alder and agreeing to a new contract with ASG. The ASG representative removed cameras that had been installed by Alder.

40451731v1                                                   3

19. In 2021, ASG representatives Jimmy Smith and Tom Brady went to the home of C.W. Hawthorn, 114 Herman Johnson, Indianola, Mississippi. Smith falsely told Hawthorn that ASG had "taken over" Alder. Further, Smith stated that Hawthorn would be getting a new alarm system and cameras as the account with Alder was switched over automatically to ASG. Smith further told Hawthorn not to contact Alder. As a result of Smith's statements, Hawthorn entered into an agreement with ASG and ended his contract with Alder. Sometime thereafter, in 2021, Hawthorn learned that he had entered into a loan for the security cameras and attempted to cancel the agreement with ASG. Defendant Brady came to his home and made similar false statements as Smith.

20. On or about June 27, 2024, an unknown ASG representative went to the home of John Moore, 1091 Meadowlark Street, Greenwood, Mississippi. The representative told Moore that Alder was out of business and the contract with Alder was cancelled and Moore would need to sign a new contract with ASG. The representative failed to notify Moore that he was signing a loan agreement with ASG. The ASG representative promised Moore that ASG would pay off the balance of the contract with Alder. All statements were false and resulted in Moore entering into an agreement with ASG.

21. In another instance, sometime in 2024, an unknown ASG representative came to the home of Rydell Jones, 402 Minni Ervin Road, Rosedale, Mississippi, and falsely stated that he was with Alder and attempted to have Jones sign a contract with ASG as part of an upgrade. Due to the representative's statements, Jones ended his contract with Alder.

22. On or about June 4 2024, an unidentified and unknown representative of ASG went to the home of Castella Banks, 91 Industrial Access Road, West Point, Mississippi, and falsely told Banks he was with Alder and sold her a NVR with ASG...

23. As a result of the past and ongoing actions of multiple ASG representatives, including Brady, customers have terminated their contracts with Alder, directly causing Alder to suffer a loss of business income and incur other damages.

24. As a result of this improper conduct by Defendant Brady and other ASG representatives, Alder has suffered a loss of reputation due to the false statements about Alder and its business.

## CAUSES OF ACTION

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

25. Plaintiff hereby incorporates herein by reference the statements and allegations stated in paragraphs 1 through 24 above.

26. As described above, Defendants made or caused to be made a number of statements which were false and designed to harm the business and/or personal interests of Alder. In addition, ASG through its representatives have taken actions in an attempt to harm Alder's business. Defendants' statements and actions were (1) intentional and willful; (2) calculated to cause damage to Alder in its lawful business; (3) done with the unlawful purpose of causing damage and loss without right or justifiable cause on the part of the Defendants; and (4) caused actual damage and loss to Alder.

27. In making the statements and taking the actions referenced above, Defendants acted with actual malice and with the intention to interfere with Alder's business relations with its customers.

28. As a result of Defendants' actions, Alder has suffered damages for which Defendants are liable.

### INTENTIONAL WRONGDOING/GROSS NEGLIGENCE/NEGLIGENCE

29. Plaintiff hereby incorporates herein by reference the statements and allegations

stated in paragraphs 1 through 28 above.

30. Defendants' statements and actions were intentional, reckless and grossly negligent in nature, and were designed to cause harm to Alder and/or were made with actual knowledge of their falsity, or at a minimum with reckless disregard for the truth. Alternatively, defendants' statements and actions were negligent in nature, as such statements would not have been made and actions would not have been taken by a reasonably prudent person acting under the same or similar circumstances as Defendants.

31. As a result of Defendants' intentional, grossly negligent and/or negligent acts, Alder has suffered actual damages for which Defendants are liable.

## VIOLATION OF LANHAM ACT

32. Plaintiff hereby incorporates herein by reference the statements and allegations stated in paragraphs 1 through 31 above.

33. The Lanham Act, 15 U.S.C.A., Section 1125(a), states:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which —

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

34. A prevailing plaintiff under the Lanham Act claims is entitled to Defendants' profits, damages sustained by the plaintiff, costs of the action, and reasonable attorney's fees.

40451731v1                                6

35.    Further, a Court may enter judgment for treble damages that result from a Lanham Act violation.

36.    ASG has violated the Lanham Act because its representatives, including but not limited to Defendant Thomas Brady, made false statements and took actions to denigrate the quality of Alder's goods and services, or to falsely claim that Alder is no longer in business, among other things, to its existing customers.

37.    In addition, with certain Alder customers, ASG representatives, including but not limited to Defendant Thomas Brady, made false statements to misrepresent that they were representatives of Alder.

38.    As a result of Defendant's actions in violation of the Lanham Act, Alder suffered damages.

39.    Due to Defendant's actions in violation of the Lanham Act which caused damages to Alder, Alder is entitled to recover ASG's profits, three times Alder's damages, and costs and reasonable attorneys' fees.

## PUNITIVE DAMAGES

40.    Plaintiff hereby incorporates herein by reference the statements and allegations stated in paragraphs 1 through 39 above.

41.    Alder states that the actions and statements of Defendants ASG and/or Brady, either alone or jointly, described herein were done with malice, with reckless disregard for the rights of Alder, with gross negligence, and were willful and wanton in nature, thereby justifying an award of punitive damages against Defendants, jointly and severally, in an amount sufficient to punish each and to deter similar conduct in the future.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Alder respectfully requests that the Court:

A.     Award Plaintiff Alder compensatory damages due to Defendant ASG and/or Brady's improper actions;

B.     Award Plaintiff Alder compensatory, treble damages, as well as all costs, expenses, attorneys' fees and all other damages allowed by law for Defendants' violations of the Lanham Act;

C.     Award Plaintiff Alder punitive damages; and

D.     Award Plaintiff costs, expenses, attorneys' fees and any other relief the Court deems appropriate.

This the _9th__ day of June, 2025.

Respectfully submitted,

ALDER HOLDINGS, LLC

/s/ John D. Brady, MSB 9780
*Its Attorney*

Of Counsel:

Mitchell, McNutt & Sams
Attorneys at Law
215 Fifth Street North
Post Office Box 1366
Columbus, MS 39703-1366
Telephone: (662) 328-2316
Fax: (662) 328-8035
*jbrady@mitchellmcnutt.com*

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated below I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent an ECF notification of such filing to all counsel of record in this action.

This the _9th___ day of June, 2025.

/s/ John D. Brady